**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

## I. CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE NINTH JUDICIAL CIRCUIT,
IN AND FOR ORANGE COUNTY, FLORIDA

Evelyn Alicea
Plaintiff

Case # __________________
Judge __________________

vs.
City of Orlando
Defendant

---

## II. AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

## III. TYPE OF CASE

(If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☒ Auto negligence
☐ Negligence—other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental/Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect
  ☐ Mass tort
  ☐ Negligent security
  ☐ Nursing home negligence
  ☐ Premises liability—commercial
  ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
  ☐ Commercial foreclosure
  ☐ Homestead residential foreclosure
  ☐ Non-homestead residential foreclosure
  ☐ Other real property actions

☐Professional malpractice
  ☐ Malpractice—business
  ☐ Malpractice—medical
  ☐ Malpractice—other professional
☐ Other
  ☐ Antitrust/Trade regulation
  ☐ Business transactions
  ☐ Constitutional challenge—statute or ordinance
  ☐ Constitutional challenge—proposed amendment
  ☐ Corporate trusts
  ☐ Discrimination—employment or other
  ☐ Insurance claims
  ☐ Intellectual property
  ☐ Libel/Slander
  ☐ Shareholder derivative action
  ☐ Securities litigation
  ☐ Trade secrets
  ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
☐ Residential Evictions
☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV. REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V. NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

2

**VI. IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

**IX. DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
☐ yes
☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Sue-Ann N Robinson Fla. Bar # 29463
Attorney or party (Bar # if attorney)

Sue-Ann N Robinson 08/11/2026
(type or print name) Date

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

ESTATE OF MILAGROS "MILLIE" ORTIZ,
by and through its Personal Representative,
EVELYN ALICEA,
Plaintiff,
v.
CITY OF ORLANDO, FLORIDA,
Defendant.
___________________________________/

Case No.________________
DEMAND FOR JURY TRIAL

**COMPLAINT FOR WRONGFUL DEATH AND DAMAGES AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, the ESTATE OF MILAGROS "MILLIE" ORTIZ, by and through its duly appointed Personal Representative, EVELYN ALICEA, brings this civil rights and wrongful death action against Defendants City of Orlando, Florida, and alleges:

## INTRODUCTION

1. This wrongful death action arises from the death of 92-year-old Milagros "Millie" Ortiz, an innocent passenger who was killed after an Orlando Police Department patrol vehicle entered an intersection against a red traffic signal and collided with the vehicle carrying her home from bingo.
2. Millie was not suspected of committing any crime.
3. She was not fleeing police.
4. She posed no threat to any police officer or member of the public.
5. At approximately 1:48 a.m. on January 18, 2026, the vehicle carrying Millie proceeded through the intersection of South Semoran Boulevard and Hoffner Avenue with a green traffic signal.
6. Orlando Police Officer Andrew McKuhen was stopped at a red traffic signal in an OPD patrol vehicle.

7. McKuhen reportedly observed another motorist make an illegal U turn.

8. McKuhen elected to take police action against that motorist and began entering the intersection against the red traffic signal.

9. Video evidence reportedly shows that McKuhen activated the patrol vehicle's emergency warning lights as he began entering the intersection.

10. Rather than flashing normally, the emergency lights appeared steady.

11. A witness did not recall hearing an audible siren.

12. Seconds later, the emergency lights went completely dark.

13. Despite the apparent loss or malfunction of his emergency warning equipment, McKuhen continued into and through the intersection against the red traffic signal.

14. The OPD vehicle collided with the vehicle carrying Millie.

15. Millie suffered catastrophic injuries and died the following day.

16. The investigation into Millie's death subsequently revealed that the emergency warning equipment on McKuhen's patrol vehicle had a documented history of recurring problems before the fatal collision.

17. Those problems reportedly included partially functioning strobe lights, malfunctioning emergency control buttons, intermittent siren operation, and a report only weeks before Millie's death that the sirens were not working.

18. Despite those recurring problems, the vehicle remained available for police operations.

19. Millie's death also occurred after other innocent civilians had been killed during dangerous OPD vehicle operations undertaken to pursue or apprehend persons suspected of criminal activity.

20. In February 2023, 28-year-old Delmy Alvarez, a mother of two, was killed after an OPD

pursuit ended when the fleeing motorist ran a red traffic signal and crashed into her vehicle.

21. That pursuit was subsequently determined to have violated OPD pursuit policy.

22. In February 2025, 56-year-old Gerald Neal, an innocent pedestrian, was killed during another OPD pursuit reportedly initiated over an unreadable license plate.

23. The fleeing vehicle struck Neal.

24. Seconds later, an unmarked OPD Ford F 150 participating in the pursuit also struck Neal.

25. That pursuit likewise reportedly failed to satisfy OPD's requirements governing vehicle pursuits.

26. Alvarez. Neal. Ortiz. Three innocent civilians who were not suspected of the conduct that precipitated police action.

27. Three fatal incidents involving dangerous OPD vehicle operations.

28. By January 2026, the City had received repeated warnings concerning the potentially lethal consequences that dangerous police vehicle operations could impose upon innocent motorists, passengers, and pedestrians.

29. In Millie's case, those broader warnings were accompanied by something even more specific: a documented history of problems with the emergency warning equipment on the very patrol vehicle involved in her death.

30. This action seeks accountability for a death that should never have occurred.

## JURISDICTION, VENUE, AND CONDITIONS PRECEDENT

31. This is an action for damages exceeding $92,000,000.00, exclusive of interest, costs, and attorneys' fees.

32. This Court has subject matter jurisdiction pursuant to Article V of the Florida Constitution and applicable Florida law.

33. Venue is proper in Orange County because the acts and omissions giving rise to this action occurred in Orange County, Florida, and Defendant City of Orlando is located in Orange County.

34. Defendant City of Orlando is a municipality and political subdivision subject to suit pursuant to section 768.28, Florida Statutes.

35. Plaintiff has provided written notice of this claim as required by section 768.28, Florida Statutes.

36. Plaintiff has satisfied, or before maintaining this action will have satisfied, all applicable statutory conditions precedent.

37. All conditions precedent to this action have occurred, have been performed, have been waived, or will have been satisfied before maintenance of this action as required by Florida law.

**PARTIES**

38. Milagros "Millie" Ortiz was 92 years old at the time of her death.

39. Plaintiff EVELYN ALICEA is the duly appointed Personal Representative of the Estate of Milagros Ortiz and brings this action on behalf of the Estate and all statutory survivors pursuant to the Florida Wrongful Death Act.

40. Millie's known children and statutory survivors are Judy Santiago (adult daughter), Evelyn Alicea (adult daughter), and Antonio Ortiz (adult son).

41. Defendant City of Orlando is a Florida municipal corporation responsible for the Orlando Police Department.

42. At all times material, Andrew McKuhen was a sworn officer and employee of the Orlando Police Department.

43. At all times material, McKuhen was acting within the course and scope of his employment with the City of Orlando.

44. At all times material, McKuhen was operating an OPD patrol vehicle in furtherance of City business.

**THE DEATH OF MILLIE ORTIZ**

45. During the early morning hours of January 18, 2026, Millie was riding in the front passenger seat of a friend's Jeep.

46. Millie and her friend were returning home from bingo.

47. The vehicle carrying Millie traveled southbound on Semoran Boulevard toward its intersection with Hoffner Avenue.

48. The traffic signal controlling the vehicle carrying Millie was green.

49. McKuhen was operating an OPD patrol vehicle approaching the same intersection.

50. McKuhen was stopped at a red traffic signal.

51. McKuhen reportedly observed another motorist make an illegal U turn.

52. McKuhen elected to initiate police action in response to that suspected traffic violation.

53. McKuhen began entering the intersection against the red traffic signal.

54. Video captured by a City traffic camera reportedly shows McKuhen activating the patrol vehicle's emergency warning lights.

55. The emergency lights appeared steady rather than flashing normally.

56. At least one witness did not recall hearing an audible siren.

57. Seconds later, the emergency warning lights went completely dark.

58. Despite the apparent malfunction or loss of the emergency warning equipment, McKuhen continued into and through the intersection.

59. The vehicle carrying Millie was simultaneously proceeding through the intersection with a green traffic signal.

60. The OPD vehicle entered the path of the vehicle carrying Millie.

61. The vehicles collided.

62. Millie suffered catastrophic injuries.

63. Millie and her friend were transported to the hospital with serious injuries.

64. Millie died from her injuries on January 19, 2026.

65. Millie had nothing whatsoever to do with the suspected illegal U turn that precipitated McKuhen's police action.

## THE STATE ATTORNEY'S INVESTIGATION

66. The Office of the State Attorney for the Ninth Judicial Circuit subsequently reviewed the circumstances surrounding Millie's death.

67. The State Attorney declined to bring criminal charges against McKuhen.

68. The State Attorney determined that the evidence was insufficient to establish beyond a reasonable doubt that McKuhen intentionally drove recklessly or acted with the willful or wanton disregard necessary for criminal liability.

69. The State Attorney's determination addressed criminal culpability under the criminal burden of proof.

70. The determination did not adjudicate civil negligence or the City's civil responsibility for Millie's death.

71. Significantly, the investigation identified evidence that the patrol vehicle's emergency lights may have suffered a mechanical failure while McKuhen was entering the intersection.

72. The investigation also identified a documented history of maintenance problems involving

the vehicle.

73. The State Attorney found no evidence that McKuhen intentionally turned off his emergency lights.

74. Plaintiff does not allege that McKuhen intentionally disabled those lights.

75. Plaintiff alleges that the emergency warning equipment apparently malfunctioned during McKuhen's entry into the intersection and that the vehicle had a documented history of problems involving its emergency warning equipment.

**PRIOR NOTICE OF DEFECTIVE OR UNRELIABLE EMERGENCY EQUIPMENT**

76. Emergency lights and sirens installed on police vehicles serve a critical public safety function.

77. When police officers exercise statutory privileges allowing them to proceed contrary to ordinary traffic controls, visual and audible emergency warnings alert motorists and pedestrians to the approaching emergency vehicle.

78. Reliable emergency warning equipment is particularly important when an officer intends to enter an intersection against a red traffic signal.

79. Long before Millie's death, the City and persons responsible for maintaining, inspecting, and deploying the OPD patrol vehicle operated by McKuhen had received repeated reports concerning problems with the vehicle's emergency warning equipment.

80. The vehicle had previously been involved in a March 2020 collision during which emergency lights were removed and reinstalled during repairs.

81. In March 2023, a work order reportedly documented that only part of the vehicle's strobe lights were functioning.

82. Repairs were reportedly performed at that time.

83. In February 2025, another work order documented that buttons on the emergency control system were not functioning, including the siren.

84. The problem reportedly could not be replicated during inspection.

85. No repair was completed in response to that report.

86. In September 2025, another work order documented intermittent operation of the siren box.

87. Maintenance records reportedly indicated that manipulation of the controls was required and that even then the equipment might not function.

88. Because the equipment operated during inspection, no repair was made.

89. In November 2025, only weeks before Millie's death, another work order reported that the sirens were not working.

90. That work order indicated that the siren box might require reprogramming.

91. The operator was reportedly advised to take the vehicle to public safety.

92. Despite this recurring history of problems involving safety equipment specifically designed to warn civilians during emergency vehicle operations, the vehicle remained available for police use.

93. On January 18, 2026, the precise type of danger against which functioning emergency warning equipment is intended to protect materialized.

94. As McKuhen entered the intersection against the red traffic signal, the emergency lights reportedly appeared steady rather than flashing normally.

95. Seconds later, the emergency lights went completely dark.

96. At least one witness did not recall hearing an audible siren.

97. McKuhen nevertheless continued through the intersection.

98. The resulting collision catastrophically injured Millie and caused her death.

## PRIOR NOTICE OF THE RISKS OF DANGEROUS OPD VEHICLE OPERATIONS

### Delmy Alvarez

99. On or about February 10, 2023, OPD officers engaged in a vehicle pursuit through the Parramore community.

100. During the pursuit, the fleeing motorist entered an intersection against a red traffic signal.

101. The fleeing vehicle crashed into a vehicle occupied by 28 year old Delmy Alvarez.

102. Alvarez was killed.

103. Alvarez was a mother of two.

104. Alvarez was not the person police were pursuing.

105. The pursuit was subsequently determined to have violated OPD pursuit policy.

106. Litigation followed Alvarez's death.

107. The City subsequently settled that litigation.

108. The Alvarez incident placed the City on notice of the potentially lethal consequences to innocent motorists when restrictions governing dangerous police vehicle operations are not followed or adequately enforced.

### Gerald Neal

109. On February 12, 2025, OPD officers engaged in another vehicle pursuit.

110. That pursuit reportedly originated from an unreadable license plate.

111. Gerald Neal, age 56, was an innocent pedestrian who had nothing to do with the suspected offense.

112. During the pursuit, the fleeing vehicle struck Neal.

113. Seconds later, an unmarked OPD Ford F 150 participating in the pursuit also struck Neal.

114. Neal died.

115. The pursuit reportedly failed to satisfy OPD's requirements governing when officers were authorized to initiate or continue vehicle pursuits.

116. Neal's death provided the City with additional notice that dangerous police vehicle operations could impose lethal consequences upon innocent civilians.

## FORESEEABILITY AND NOTICE

117. By January 18, 2026, the City knew that dangerous police vehicle operations created substantial risks to innocent motorists, passengers, and pedestrians.

118. The City knew that compliance with restrictions governing pursuits and emergency vehicle operations was critical to protecting innocent civilians.

119. The Alvarez and Neal deaths provided notice of the potentially catastrophic consequences of unsafe police vehicle operations.

120. In addition to that broader notice, the City possessed actual or constructive notice of recurring problems involving the emergency warning equipment installed on the patrol vehicle operated by McKuhen.

121. Those problems concerned the very equipment designed to protect civilians when police officers exercise emergency driving privileges.

122. Despite these warnings, the vehicle remained available for police use.

123. Another innocent civilian was killed.

## COUNT I
## WRONGFUL DEATH BASED UPON NEGLIGENT OPERATION OF MOTOR VEHICLE
## AGAINST THE CITY OF ORLANDO

124. Plaintiff realleges paragraphs 1 through 123 to the extent consistent with this Count.

125. This action is brought pursuant to the Florida Wrongful Death Act, sections 768.16 through 768.26, Florida Statutes.

126. At all times material, McKuhen was acting within the course and scope of his employment with the City.

127. McKuhen owed Millie and other persons lawfully using Orlando's roadways a duty to operate the OPD vehicle with reasonable care and due regard for their safety.

128. The statutory privileges applicable to authorized emergency vehicles did not relieve McKuhen of the duty to exercise due regard for the safety of all persons.

129. McKuhen breached his duties by acts and omissions including:

a) failing to maintain a proper lookout;

b) failing to yield the right of way;

c) entering the intersection against a red traffic signal when it was unsafe to do so;

d) failing to adequately determine that the intersection was clear;

e) failing to adequately reduce his speed before entering the intersection;

f) failing to maintain sufficient control of the vehicle;

g) failing to take reasonable evasive action;

h) failing to provide adequate visual and audible warning;

i) proceeding into or through the intersection despite the apparent malfunction or loss of emergency warning equipment;

j) failing to ensure adequate warning was being provided before continuing against the red traffic signal;

k) failing to exercise reasonable care in determining whether the immediate apprehension of a motorist suspected of an illegal U turn justified proceeding against the red traffic signal under the circumstances; and

l) otherwise failing to exercise reasonable care and due regard for the safety of innocent

motorists and passengers.

130. McKuhen's negligence directly and proximately caused the collision.

131. Millie suffered catastrophic injuries as a result.

132. Millie died from those injuries the following day.

133. For purposes of this state law negligence claim, Plaintiff alleges that McKuhen was acting within the course and scope of his employment and was not acting in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property within the meaning of section 768.28(9)(a), Florida Statutes.

134. The City is therefore liable, to the extent provided by Florida law, for the negligent acts and omissions of its employee.

135. Millie's death was wrongful within the meaning of the Florida Wrongful Death Act.

WHEREFORE, Plaintiff demands judgment against the City of Orlando for the full measure of damages determined by the jury, subject only to limitations on collection imposed by applicable law, together with costs, interest where authorized, and all other appropriate relief.

## COUNT II
## WRONGFUL DEATH BASED UPON NEGLIGENT MAINTENANCE, INSPECTION, AND DEPLOYMENT OF THE OPD VEHICLE AGAINST THE CITY OF ORLANDO

136. Plaintiff realleges paragraphs 1 through 123 to the extent consistent with this Count.

137. The City undertook responsibility, directly or through its employees, agents, contractors, or other persons acting on its behalf, for maintaining, inspecting, servicing, approving, and deploying OPD vehicles.

138. Having undertaken those operational functions, the City owed members of the public, including Millie, a duty to exercise reasonable care in performing them.

139. That duty included exercising reasonable care to ensure that OPD vehicles authorized for

emergency operations were reasonably safe and that safety critical emergency warning equipment was operational.

140. The City knew or should have known that police officers might use the patrol vehicle's emergency warning equipment when exercising statutory emergency driving privileges.

141. The City knew or should have known that malfunctioning emergency lights or sirens could prevent innocent motorists from receiving adequate warning that a police vehicle was entering an intersection contrary to an ordinary traffic signal.

142. Before January 18, 2026, repeated problems involving the subject vehicle's emergency warning equipment had been reported.

143. Those reported problems included partially functioning strobe lights, malfunctioning emergency controls, intermittent siren operation, and nonfunctioning sirens.

144. The reported problems were recurring and intermittent.

145. An intermittent safety defect is not necessarily eliminated merely because the equipment functions during a particular inspection.

146. Despite this history, the subject vehicle remained available for police operations.

147. The City, through its employees, agents, contractors, or persons acting on its behalf, was negligent in one or more of the following respects:

a) failing to reasonably maintain the vehicle's emergency warning equipment;

b) failing to reasonably inspect the emergency warning equipment;

c) failing to adequately diagnose recurring or intermittent failures;

d) failing to ensure that previously reported defects had been reliably corrected;

e) failing to remove the vehicle from emergency service until safety critical defects were corrected;

f) returning or permitting the vehicle to return to service despite recurring reports of emergency equipment problems;

g) failing to implement reasonable procedures for responding to intermittent defects involving emergency lights and sirens;

h) failing to adequately communicate known equipment defects to officers operating the vehicle;

i) failing to ensure that the November 2025 report of nonfunctioning sirens was adequately investigated and corrected before the vehicle was returned to or remained in service; and

j) otherwise failing to exercise reasonable care in the maintenance, inspection, approval, and deployment of the subject vehicle.

148. The risk that malfunctioning emergency warning equipment could contribute to a collision with an innocent motorist was foreseeable.

149. On January 18, 2026, the vehicle's emergency warning equipment apparently malfunctioned while McKuhen entered an intersection against a red traffic signal.

150. The resulting collision catastrophically injured Millie.

151. Millie died the following day.

152. The negligent maintenance, inspection, approval, or deployment of the vehicle was a legal and proximate cause of Millie's injuries and death.

153. Millie's death was wrongful within the meaning of the Florida Wrongful Death Act.

WHEREFORE, Plaintiff demands judgment against the City of Orlando for the full measure of damages determined by the jury, subject only to limitations on collection imposed by applicable law, together with costs, interest where authorized, and all other appropriate relief.

## WRONGFUL DEATH DAMAGES

154. Plaintiff brings this action as Personal Representative on behalf of Millie's Estate and all statutory survivors.

155. Millie's statutory survivors are entitled to recover all damages applicable to them under section 768.21, Florida Statutes.

156. Such damages include, where applicable to the particular survivor:

a) loss of Millie's support and services;

b) loss of companionship and protection;

c) mental pain and suffering;

d) medical or funeral expenses paid by a survivor; and

e) all other damages recoverable under Florida law.

157. Millie's Estate is entitled to recover all damages available to it under section 768.21, including, where applicable:

a) lost earnings from the date of injury to death;

b) loss of prospective net accumulations where permitted;

c) medical expenses chargeable against the Estate;

d) funeral expenses chargeable against the Estate;

e) punitive damages; and

f) all other damages recoverable by the Estate.

158. The damages sustained by Millie's Estate and statutory survivors substantially exceed the amounts the City may presently be obligated to pay without further authorization under section 768.28, Florida Statutes.

159. Plaintiff seeks a determination by the jury of the full value of the damages caused by

Millie's wrongful death.

160. Nothing in this Complaint is intended to limit Plaintiff's claimed damages to the monetary amounts the City may presently be obligated to pay without further legislative authorization.

161. Plaintiff seeks entry of judgment for the full amount of damages determined by the trier of fact to the extent permitted by Florida law.

162. Plaintiff expressly preserves the right to pursue payment of any portion of a judgment exceeding applicable statutory payment limitations through every procedure and remedy authorized by Florida law, including presentation of an appropriate claim to the Florida Legislature.

163. Plaintiff further alleges that discovery may establish the existence of liability insurance, excess insurance, indemnification agreements, contractual risk transfer provisions, self insurance arrangements, or other lawful sources from which amounts exceeding statutory payment limitations may be paid.

164. Plaintiff reserves all rights concerning such insurance, indemnification, contractual obligations, and other sources of recovery.

**POTENTIAL RESPONSIBILITY OF THIRD PARTIES**

165. Information presently available indicates that persons or entities other than the City may have participated in the manufacture, installation, inspection, maintenance, repair, servicing, programming, or approval for continued use of the subject vehicle's emergency warning equipment.

166. The identities, contractual responsibilities, work performed, products supplied, and respective knowledge of those persons and entities are presently the subject of investigation.

167. Plaintiff does not presently allege liability against an unidentified person or entity merely because it may have performed work on the subject vehicle.

168. Plaintiff expressly reserves the right, consistent with the Florida Rules of Civil Procedure and applicable law, to seek leave to amend this Complaint to assert claims against additional responsible parties when sufficient facts establish a good faith basis for doing so.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, as Personal Representative of the Estate of Milagros "Millie" Ortiz and on behalf of all statutory survivors, respectfully requests that this Court:

A. enter judgment against Defendant City of Orlando;

B. award the full amount of compensatory damages determined by the jury under the Florida Wrongful Death Act;

C. award all damages recoverable by Millie's statutory survivors;

D. award all damages recoverable by Millie's Estate;

E. enter judgment reflecting the full amount of damages established at trial notwithstanding any statutory limitation applicable to the City's immediate obligation to pay such judgment, to the extent authorized by Florida law;

F. preserve Plaintiff's ability to pursue payment of amounts exceeding applicable statutory payment limitations through procedures authorized by Florida law;

G. award taxable costs;

H. award prejudgment and post judgment interest where authorized by law;

I. award punitive damages; and

J. award such other and further relief as this Court deems just and proper.

K.

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

/s/Sue-Ann Robinson
Sue-Ann Robinson, Esq.
FBN: 29463
**BEN CRUMP LAW**
614 S. Federal Highway
Fort Lauderdale, FL 33301
sueann@bencrump.com

Gabrielle Higgins, Esq
FBN:1025840
**BEN CRUMP LAW**
614 S. Federal Highway
Fort Lauderdale, FL 33301
gabrielle@bencrump.com

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT, IN AND FOR ORANGE / OSCEOLA COUNTY, FLORIDA

CASE NO.: **2026-CA-008582-O**
DIVISION: 34

**EVELYN ALICEA**
Plaintiff(s),
v.

**CITY OF ORLANDO**
Defendant(s),
_______________________________/

**UNIFORM TRIAL AND CASE MANAGEMENT ORDER**
**(General Track)**
*(Effective January 1, 2025)*

PURSUANT TO Florida Rules of General Practice & Judicial Administration 2.250 and 2.545 and Florida Rules of Civil Procedure 1.200 and 1.440, and based on the case type designated in the initial filing (as required by AO 2021-04-05), the Court ORDERS as follows:

1. COMPLIANCE WITH UNIFORM TRIAL AND CASE MANAGEMENT ORDER. The parties must strictly comply with the terms of this Uniform Trial and Case Management Order ("UTCMO"), unless otherwise ordered by the court. Failure to comply with all requirements of this order may result in the imposition of sanctions, up to and including dismissal of this action or the striking of pleadings and entry of default final judgment.

2. ADDITIONAL NINTH CIRCUIT AND DIVISION-SPECIFIC GUIDELINES. All counsel and unrepresented parties must be familiar with and comply with the following: (a) Amended Administrative Order Establishing the Ninth Judicial Circuit Court Circuit Civil Court Guidelines (AO 2012-03-01); (b) Amended Administrative Order Establishing the Ninth Judicial Circuit Courtroom Decorum Policy (AO 2003-07-02); and (c) any division-specific guidelines published by the division (or the division judge) in which the case is pending.

3. MODIFICATION OF THIS ORDER. The parties may not, individually or by agreement, alter or extend the deadlines in this order or waive any of the provisions of this order. The provisions of this order may be modified only upon motion/stipulation and court order in

accordance with applicable law.

4. SERVICE OF THIS ORDER WITH INITIAL PROCESS. The court will issue and electronically file a UTCMO within three (3) business days after the date of filing of the initial complaint. Any party serving an initial pleading in this case must serve a copy of this order with initial service of process.

5. CASE MANAGEMENT. The following pretrial deadlines are imposed. All dates are to be calculated from the date of the filing of the initial complaint unless otherwise noted. These are the dates that will control this case unless modified by court order pursuant to Florida Rule of Civil Procedure 1.200.

6. TRIAL DATE. This case is set for a jury trial during the trial docket beginning **07/03/2028** in **COURTROOM 18B** beginning at **9:30 a.m.** at the ORANGE COUNTY COURTHOUSE, 425 N. Orange Ave., Orlando, FL 32801.

7. PRETRIAL CONFERENCE. Lead Trial Counsel, or a trial partner with full authority,[1] and unrepresented parties must attend a Pretrial Conference on **05/31/2028** in **Hearing Room 17B** beginning at **9:15 am** at the ORANGE COUNTY COURTHOUSE, 425 N. Orange Ave., Orlando, FL 32801. Telephonic and video appearance can be arranged. Please contact the judicial assistant no sooner than 30 days prior to Pre-Trial conference at **34orange@ninthcircuit.org**. The parties must comply with the requirements for pretrial conferences of the division to which the case is assigned. No motions will be heard at the pretrial conference except as otherwise provided for in the division guidelines or allowed by court order.

8. CASE MANAGEMENT. The following pretrial compliance deadlines are imposed. All dates must be calculated from the date of filing of the initial complaint unless otherwise noted.

| | |
|---|---|
| Deadline for Service of Process: | 120 days |
| Automatic Extension for Service of | 30 additional days, for a total of 150 days. |

[1] No other attorney may cover a pretrial conference unless they are: (i) fully prepared; (ii) have confirmed all pretrial requirements have been fulfilled, and (iii) have full authority from the client and lead counsel to make decisions about the case.

| | |
|---|---|
| Process if not perfected timely: | If service of process is not completed by the end of the Automatic Extension, all unserved defendants are automatically dismissed without prejudice and without notice or further opportunity to be heard. |
| Initial Discovery Disclosures: | 60 days after service. *See* Fla. R. Civ. P. 1.280(a)(3). |
| Motions to Dismiss, Motions for More Definite Statement, Motions to Strike, and Any Objections to the Pleadings: | Must be filed, set for hearing and heard within 60 days from filing of the motion, or automatically deemed abandoned and denied without further order. |
| Disclosure of Expert Witnesses: | 365 days. |
| Deadline for Completion of Fact and Expert Discovery: | 540 days. |
| Pretrial Motions (excluding Motions in Limine), Motions for Summary Judgment and Daubert Motions: | Filed: 585 days.<br><br>Heard: No later than 7 days prior to the Pretrial Conference or automatically deemed abandoned and denied without further order. |
| Motions in Limine: | Filed: Prior to the Pretrial Conference.<br><br>Heard: No later than 7 days prior to the beginning of the trial period |
| Mediation: | Completed prior to the Pretrial Conference.<br><br>Plaintiff must submit a mediation order[2] for entry by the Court once the date of mediation has been agreed and a mediator selected. |

9. EXPERT WITNESSES. The following will govern proceedings related to expert witnesses.

a. Within the time required in Paragraph 8 above, Plaintiff must disclose the

[2] All mediation orders shall contain the following language: *All parties, counsel, authorized representatives and other mediation participants are hereby ordered to turn on your video cameras (and visually appear in your video) for the duration of the mediation conference unless otherwise excused by the mediator.*

expert witnesses (including both treating and hybrid experts) that Plaintiff actually intends to present at trial. "Experts" is specifically defined in this order (wherever used) to include retained experts, treating experts and hybrid experts.

b. Defendant must disclose the expert witnesses that Defendant actually intends to present at trial within 15 days of Plaintiff's expert witness disclosure or the time required by Paragraph 8, whichever is later.

c. Plaintiff must disclose all rebuttal witnesses within 15 days of Defendant's expert witness disclosure or the time required by Paragraph 8, whichever is later.

d. As used herein, "disclose" means furnishing in writing the expert's (a) name, business address and telephone number, (b) curriculum vitae or qualifications, (c) medical specialty or field of expertise, (iv) statement of the specific subjects upon which the expert will testify and offer opinions, and (v) the party or parties against whom the expert will be called to testify. Any changes in an expert's opinion or changes in the basis of the expert's opinion must be disclosed to all parties no less than 60 days prior to the Pretrial Conference.

e. All out-of-court testing, experiments, or physical or mental examinations by experts must be completed prior to the expert's deposition.

10. CLOSE OF DISCOVERY. Discovery closes 540 days after the initial filing of the action. All depositions must be completed by this date. All answers to interrogatories, responses to requests to produce, and requests for admissions must be served by this date. This deadline may only be extended by court order. Joint stipulations to extend this deadline (without court order) do not alter the discovery deadline.

11. MOTIONS:

a. PRETRIAL MOTIONS *(EXCLUDING MOTIONS IN LIMINE)*, MOTIONS FOR

SUMMARY JUDGMENT AND DAUBERT MOTIONS. Must be filed within 585 days of the date of the filing of the initial complaint and heard no later than 7 days prior to the Pretrial Conference. Late-filed motions are subject to summary denial.

b. MOTIONS IN LIMINE AND MOTIONS TO EXCLUDE WITNESSES OR EVIDENCE: Motions in limine and motions to exclude witnesses or evidence must be filed and served prior to the Pretrial Conference. Motions in Limine must be scheduled and heard no later than 7 days prior to the beginning of the trial period. Motions in limine will not be heard during the trial period, absent good cause. No motion in limine may be scheduled for hearing unless it contains a certification of good faith attempt to resolve the matter at issue. Omnibus motions asking that the Court order the opposing party/counsel to comply with Florida law, the Florida Rules of Civil Procedure, and the Florida Rules of Professional Conduct are disfavored.

12. MOTIONS FOR SUMMARY JUDGMENT. Motions for summary judgment are subject to the deadline imposed above. Failure to respond to a motion for summary judgment within the time required by Florida Rule of Civil Procedure 1.510(b) may result in the court granting any relief available pursuant to Florida Rule of Civil Procedure 1.510(e). Refer to and comply with any division requirements for additional requirements.

13. EXCHANGE OF WITNESS LISTS AND EVIDENCE SCHEDULES. No less than 60 days before the Pretrial Conference, attorneys and unrepresented parties must serve the following:

a. A list of all witnesses including potential impeachment and rebuttal witnesses who may testify at trial. The list must: (a) provide the name, address and telephone number of the witness, and (b) specify whether the witness is a liability, damage, rebuttal, or impeachment witness.

b. A schedule of all exhibits, including depositions, a party may offer at trial, lettered sequentially. Exhibits must be described with specificity. For example, "all medical records" is insufficient.

14. MEETING OF COUNSEL. No later than 15 days prior to the Pretrial Conference, lead counsel and pro se parties, if any, must meet. Live or videoconference attendance at this meeting by Lead Trial Counsel is mandatory. At the meeting, the attorneys and unrepresented parties must:

a. Discuss and attempt to settle the case.

b. Produce all documents to be offered at trial. Exhibits must be bates-stamped.

c. Examine, and initial every exhibit (or entry on an Exhibit Schedule) to be produced by the opposing party at trial. The parties must agree on those exhibits which will be admitted as joint exhibits and those that can be admitted without objection. The parties must identify all other exhibits and specify all objections thereto. "Exhibit Schedules" must be prepared reflecting these separate categories of exhibits for each party. The Exhibit Schedules for each party must be attached to the Joint Pretrial Statement described below. Objections not noted are waived. Exhibits marked for identification must be listed alphabetically (*e.g.*, Ex. A) and, if received in evidence, will be listed numerically (*e.g.*, Ex. 1).

d. Review opposing parties' witness lists. Witness lists for each party must be attached to the Joint Pretrial Statement described below.

e. Discuss and stipulate to any facts requiring no proof at trial.

f. Discuss, clarify, and frame all factual issues of fact to be tried.

g. Identify all legal, procedural, or evidentiary issues to be decided prior to or during trial.

h. Discuss any evidentiary stipulations.

i. Agree upon and draft a concise statement of the case to be read by the Court at the beginning of voir dire.

j. Discuss the proposed jury instructions (voir dire through closing) and verdict forms. Discuss whether the Court will instruct the jury on the law prior to opening statements and, if so, which jury instructions are to be read at that time.

k. Prepare Jury Instructions and a Verdict Form. The Jury Instructions and Verdict Form must be emailed to the division email address to which the case is assigned in Word format no later than 3 business days before the first day of trial. The email for the jury instructions shall contain the following in the subject line of the email: "JURY INSTR. **2026-CA-008582-O**." The email for the Verdict form shall contain the following in the subject line of the email: "VERDICT FORM **2026-CA-008582-O**." External hard drives are discouraged. The parties must designate which instructions are agreed and which instructions, if any, are in dispute. Jury instructions must include a cover page with the case style. Any blanks or bracketed terms contained in the standard jury instructions must be filled in or deleted if inapplicable. Additional division guidelines may apply.

l. Discuss and attempt to agree upon any other matters leading to a more orderly and expeditious trial.

m. Prepare a Pretrial Checklist if required by the division procedures of the division to which the case is assigned. Any required checklist must be emailed (but not filed) to the division email, together with the Joint Pretrial Statement, no less than 5 days prior to the Pretrial Conference. The email for the Checklist and the Joint Pretrial Statement must contain the following in the subject line of the email: "CHECKLIST & PTS **2026-CA-008582-O**." Additional division guidelines may apply.

15. JOINT PRETRIAL STATEMENT. The parties must confer on and file a Joint Pretrial Statement addressing the matters described below, no later than 5 days prior to the Pretrial Conference, with a courtesy copy sent to the division email. If the Parties are unable to agree on the contents of the Joint Pretrial Statement, the differing views should be set forth within a single Joint Pretrial Statement. The Joint Pretrial Statement must contain the following:

a. A statement of the case to be read to the jury at the beginning of voir dire.

b. A statement of admitted facts that may be read at trial as a stipulation of counsel.

c. A statement of the issues of fact to be tried.

d. A statement of the unresolved issues of law, procedure or evidence.

e. Each party's witness list.

f. Each party's schedule of exhibits with objections.

g. Any stipulation on evidentiary matters specifying the applicable matters to which such stipulation applies, e.g., authenticity, hearsay exceptions, etc.

h. The number of peremptory challenges available to each party.

i. An estimate of the number of jurors requested for the venire panel and a statement regarding the necessity of any jury panel in excess of 22 venirepersons.

j. A current estimate of the number of days (to include voir dire) required for trial.

k. The specific category of damages, including attorneys' fees, claimed by each party and, when possible, the amount of such damages sought by each party.

l. A designation of Lead Trial Counsel. No change of Lead Trial Counsel may be made without leave of the Court if such change would disrupt the trial schedule.

m. A list of all pending motions and date filed. Motions not timely heard in accordance with the dates set forth herein are subject to summary denial.

n. A list identifying, with specificity, any matters of which the parties will ask the

Court to take Judicial Notice under sections 90.201 and 90.202, Florida Statutes, and any objections or agreement thereto.

16. DEPOSITION DESIGNATIONS. No less than 30 days prior to the beginning of the trial period, each party must file designations of the depositions it intends to offer at trial. Counter (or "fairness") designations and objections, if any, must be filed within 7 days of the deposition designations. Objections to the counter-designations shall be filed within 7 days thereafter. Deposition designations must be heard by the Court before the first day of trial unless the court directs otherwise. If the parties cannot resolve objections to deposition designations, and no hearing time can be coordinated, the party making the objection must submit to the court a properly marked copy of the deposition transcript along with a proposed order identifying the page and line of the testimony to which the party objects, the basis for the objection, and a blank space for the Court to rule no later than 7 days prior to the first day of trial. Additional division guidelines may apply.

17. *[FOR OPENING STATEMENTS ONLY]:* DEMONSTRATIVE AIDS, COMPUTER SLIDESHOWS AND/OR POWERPOINT PRESENTATIONS. Demonstrative aids, computer slideshows and/or PowerPoint presentations counsel seek to use *during opening statement* must be shared with opposing counsel no less than 3 business days prior to the beginning of trial. Computer slideshows and/or PowerPoint presentations may refer to what a party believes the evidence will show if the parties agree that the matter will, in fact, be received in evidence. Computer slideshows and/or PowerPoint presentations may not include argument or citations to legal authorities. Disputes over demonstrative aids, computer slideshows and/or PowerPoint presentations must be heard by the Court before the first day of trial. If the parties cannot resolve disputes over computer slideshows and/or PowerPoint presentations (and no hearing time can be coordinated), the demonstrative aids, computer slideshows and/or PowerPoint presentations are subject to being excluded during Opening Statement, subject to division procedures.

18. NOTICE OF SETTLEMENT. In the event of settlement, the parties must

immediately email the division to which the case is assigned. The email for the Notice of Settlement must contain the following in the subject line of the email: "NOTICE OF SETTLEMENT: **2026-CA-008582-O**." Thereafter, the parties must file a Notice of Settlement signed by all parties. Noncompliance with this Paragraph will result in the case remaining on the docket as well as the possible imposition of sanctions. When a Notice of Settlement is filed, the parties are required to appear at trial call on the first day of their designated trial period unless expressly advised they are excused from appearing. If the parties are advised they are excused from appearing at trial call, the parties are directed to conclude the settlement and file the appropriate dismissal within 60 days, or the court may *sua sponte* enter an order of dismissal. *There is no requirement that the settlement documents be filed*. Additional division guidelines may apply.

19. DISCOVERY DISPUTES. All counsel and unrepresented parties must familiarize themselves with the current edition of the Florida Handbook on Civil Discovery Practice and seek to resolve discovery issues without court intervention whenever possible. Counsel are also directed to familiarize themselves with Florida Rules of Civil Procedure 1.280(k), 1.340(a), 1.350(b), and 1.380. Failure to comply with any Florida Rule of Civil Procedure may result in sanctions.

20. MEET AND CONFER. The parties must comply with the "meet and confer" requirements of Florida Rule of Civil Procedure 1.202(d) **and** Administrative Order No. 2012-03-01. Any non-compliant motion or notice of hearing may be summarily stricken or denied by the Court, requiring resubmission of the motion, notice of hearing, or both.

21. SANCTIONS. Failure to attend the meeting of counsel referenced above, the pretrial conference, or the trial, or to comply with the requirements of this order, may result in the imposition of appropriate sanctions, including but not limited to contempt, dismissal, default, striking of pleadings, exclusion of evidence, assessment of attorneys' fees or costs, or any combination thereof.

22. AUDIO/VISUAL. Requests for audio or visual equipment (or both) must be made at least three (3) business days in advance of trial to avoid delaying jury selection. All such requests must be made to the Ninth Circuit's Technology Support Department and not to the division email. For assistance, see the Court's website: www.ninthcircuit.org, under Programs and Services, then Technology Support.

DONE and ORDERED in Orange County, Florida, on the date shown on the electronic signature.

08/12/2026 08:28:41

eSigned by Tanya Wilson 08/12/2026 08:28:41 xn+duUdm

**Tanya Davis Wilson**
CIRCUIT JUDGE

Copies to Counsel of Record
Via Florida's e-Filing Portal

Aberlynn Derosier, Case Manager

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact ADA Coordinator, Human Resources, Orange County Courthouse, 425 N. Orange Avenue, Suite 510, Orlando, Florida, (407) 836-2303 at least 7 days before your scheduled court appearance, or immediately on receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

Filing # 257704859 E-Filed 09/23/2026 03:24:44 PM

**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT**
**IN AND FOR ORANGE COUNTY, FLORIDA**

**ESTATE OF MILAGROS "MILLIE" ORTIZ,**
by and through its Personal Representative,
**EVELYN ALICEA,**

Plaintiff,

v.

**CITY OF ORLANDO, FLORIDA,**

Defendant.

Case No.: 2026-CA-008582-O

Division: 34

**DEMAND FOR JURY TRIAL**

**NOTICE OF APPEARANCE**

PLEASE TAKE NOTICE that Michael Cerasa of Romanucci & Blandin, LLC, hereby enters his appearance as counsel of record on behalf of Plaintiff, **ESTATE OF MILAGROS "MILLIE" ORTIZ,** by and through its Personal Representative, **EVELYN ALICEA**, in the above-captioned matter. All further notices, pleadings, and correspondence should be directed to the undersigned at the address below.

Respectfully submitted,

By: *<u>/s/ Michael Cerasa</u>*

Michael D. Cerasa
Florida Bar No.: 0015085
ROMANUCCI & BLANDIN, LLC
321 North Clark Street, Suite 900
Chicago, Illinois 60654
Tel: (312) 253-8618
Fax: (312) 458-1004
mcerasa@rblaw.net
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on September 23, 2026, he electronically filed the foregoing Notice of Appearance with the Clerk of the Court using the Florida Courts e-filing portal, which will send notification of such filing to all counsel of record:

*/s/ Michael Cerasa*
Michael D. Cerasa
Florida Bar No.: 0015085
ROMANUCCI & BLANDIN, LLC
321 North Clark Street, Suite 900
Chicago, Illinois 60654
Tel: (312) 253-8618
Fax: (312) 458-1004
mcerasa@rblaw.net
Attorney for Plaintiff

Case 6:26-cv-02625-GAP-NWH Document 1-3 Filed 11/10/26 Page 35 of 62 PageID 89

**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA**

| | |
|---|---|
| ESTATE OF MILAGROS "MILLIE" ORTIZ, by and through its Personal Representative, EVELYN ALICEA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ORLANDO, FLORIDA; FORD MOTOR COMPANY, a Delaware corporation; DANA SAFETY SUPPLY, INC.; and FEDERAL SIGNAL CORPORATION, INC.,<br><br>Defendants. | Case No.: 2026-CA-008582-O<br><br>Division: 34 |

**SUMMONS**

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this Summons and a copy of the First Amended Complaint for Wrongful Death, Product Liability, Civil Rights Violations, and Damages and Demand for Jury Trial in this action on Defendant:

**CITY OF ORLANDO, FLORIDA**
c/o the Mayor of the City of Orlando (or, in the Mayor's absence, as provided by section 48.111, Florida Statutes)
City Hall, 400 South Orange Avenue
Orlando, Florida 32801

Defendant is required to serve written defenses to the First Amended Complaint on Plaintiff's attorneys, whose names and addresses are:

Sue-Ann Robinson, Esq. (Florida Bar No. 29463)
Gabrielle Higgins, Esq. (Florida Bar No. 1025840)
BEN CRUMP LAW
614 S. Federal Highway
Fort Lauderdale, FL 33301
sueann@bencrump.com | gabrielle@bencrump.com

Michael D. Cerasa, Esq. (Florida Bar No. 0015085)
ROMANUCCI & BLANDIN, LLC
321 N. Clark St., Suite 900
Chicago, IL 60654
mcerasa@rblaw.net

within 20 days after service of this Summons on Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If Defendant fails to do so, a default will be entered against Defendant for the relief demanded in the First Amended Complaint.

DATED on October 20th, 2026

**Joyce Boudoin, Clerk Ad Interim**
**Civil Division**
425 N Orange Ave
Room 350
Orlando, Florida 32801

By: /s/ Lauren Scheidt
As Deputy Clerk
(Court Seal)

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this circuit court, located at: Clerk of the Circuit Court, Orange County Courthouse, 425 North Orange Avenue, Orlando, Florida 32801. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your written response on time, you may lose the case, and your wages, money, and property may be taken thereafter without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also serve a copy of your written response on the party serving this summons at: Sue-Ann Robinson, Esq., Ben Crump Law, 614 S. Federal Highway, Fort Lauderdale, FL 33301. Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit Court's office. You may review these documents, upon request. You must keep the Clerk of the Circuit Court's office notified of your current address. Future papers in this lawsuit will be served at the address on record at the clerk's office.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal, ubicado en: Clerk of the Circuit Court, Orange County Courthouse, 425 North Orange Avenue, Orlando, Florida 32801. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica. Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, usted debe enviar por

correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante): Sue-Ann Robinson, Esq., Ben Crump Law, 614 S. Federal Highway, Fort Lauderdale, FL 33301.

## IMPORTANT

Des poursuites judiciaires ont été entreprises contre vous. Vous avez 20 jours consécutifs à partir de la date de l'assignation de cette citation pour déposer une réponse écrite à la plainte ci-jointe auprès de ce tribunal, qui se trouve à : Clerk of the Circuit Court, Orange County Courthouse, 425 North Orange Avenue, Orlando, Florida 32801. Un simple coup de téléphone est insuffisant pour vous protéger. Vous êtes obligé de déposer votre réponse écrite, avec mention du numéro de dossier ci-dessus et du nom des parties nommées ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne déposez pas votre réponse écrite dans le délai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent être saisis par la suite, sans aucun préavis ultérieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requérir les services immédiats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez téléphoner à un service de référence d'avocats ou à un bureau d'assistance juridique (figurant à l'annuaire de téléphones). Si vous choisissez de déposer vous-même une réponse écrite, il vous faudra également, en même temps que cette formalité, faire parvenir ou expédier une copie de votre réponse écrite au « Plaintiff/Plaintiff's Attorney » (Plaignant ou à son avocat) nommé ci-dessous : Sue-Ann Robinson, Esq., Ben Crump Law, 614 S. Federal Highway, Fort Lauderdale, FL 33301.

## AMERICANS WITH DISABILITIES ACT

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact ADA Coordinator, Human Resources, Orange County Courthouse, 425 N. Orange Avenue, Suite 510, Orlando, Florida, (407) 836-2303, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA**

| | |
|---|---|
| ESTATE OF MILAGROS "MILLIE" ORTIZ, by and through its Personal Representative, EVELYN ALICEA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ORLANDO, FLORIDA; FORD MOTOR COMPANY, a Delaware corporation; DANA SAFETY SUPPLY, INC.; and FEDERAL SIGNAL CORPORATION, INC.,<br><br>Defendants. | Case No.: 2026-CA-008582-O<br><br>Division: 34 |

**SUMMONS**

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this Summons and a copy of the First Amended Complaint for Wrongful Death, Product Liability, Civil Rights Violations, and Damages and Demand for Jury Trial in this action on Defendant:

**DANA SAFETY SUPPLY, INC.**
c/o its Registered Agent: Registered Agent Solutions, Inc.
Address: 1200 S Pine Island Road, Plantation, FL 33324

Defendant is required to serve written defenses to the First Amended Complaint on Plaintiff's attorneys, whose names and addresses are:

Sue-Ann Robinson, Esq. (Florida Bar No. 29463)
Gabrielle Higgins, Esq. (Florida Bar No. 1025840)
BEN CRUMP LAW
614 S. Federal Highway
Fort Lauderdale, FL 33301
sueann@bencrump.com | gabrielle@bencrump.com

Michael D. Cerasa, Esq. (Florida Bar No. 0015085)
ROMANUCCI & BLANDIN, LLC
321 N. Clark St., Suite 900
Chicago, IL 60654
mcerasa@rblaw.net

within 20 days after service of this Summons on Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's

attorney or immediately thereafter. If Defendant fails to do so, a default will be entered against Defendant for the relief demanded in the First Amended Complaint.

DATED on October 20th, 2026

**Joyce Boudoin, Clerk Ad Interim**
**Civil Division**
425 N Orange Ave
Room 350
Orlando, Florida 32801

By: /s/ Lauren Scheidt
As Deputy Clerk
(Court Seal)

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this circuit court, located at: Clerk of the Circuit Court, Orange County Courthouse, 425 North Orange Avenue, Orlando, Florida 32801. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your written response on time, you may lose the case, and your wages, money, and property may be taken thereafter without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also serve a copy of your written response on the party serving this summons at: Sue-Ann Robinson, Esq., Ben Crump Law, 614 S. Federal Highway, Fort Lauderdale, FL 33301. Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit Court's office. You may review these documents, upon request. You must keep the Clerk of the Circuit Court's office notified of your current address. Future papers in this lawsuit will be served at the address on record at the clerk's office.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal, ubicado en: Clerk of the Circuit Court, Orange County Courthouse, 425 North Orange Avenue, Orlando, Florida 32801. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica. Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, usted debe enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como

"Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante): Sue-Ann Robinson, Esq., Ben Crump Law, 614 S. Federal Highway, Fort Lauderdale, FL 33301.

## IMPORTANT

Des poursuites judiciaires ont été entreprises contre vous. Vous avez 20 jours consécutifs à partir de la date de l'assignation de cette citation pour déposer une réponse écrite à la plainte ci-jointe auprès de ce tribunal, qui se trouve à : Clerk of the Circuit Court, Orange County Courthouse, 425 North Orange Avenue, Orlando, Florida 32801. Un simple coup de téléphone est insuffisant pour vous protéger. Vous êtes obligé de déposer votre réponse écrite, avec mention du numéro de dossier ci-dessus et du nom des parties nommées ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne déposez pas votre réponse écrite dans le délai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent être saisis par la suite, sans aucun préavis ultérieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requérir les services immédiats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez téléphoner à un service de référence d'avocats ou à un bureau d'assistance juridique (figurant à l'annuaire de téléphones). Si vous choisissez de déposer vous-même une réponse écrite, il vous faudra également, en même temps que cette formalité, faire parvenir ou expédier une copie de votre réponse écrite au « Plaintiff/Plaintiff's Attorney » (Plaignant ou à son avocat) nommé ci-dessous : Sue-Ann Robinson, Esq., Ben Crump Law, 614 S. Federal Highway, Fort Lauderdale, FL 33301.

## AMERICANS WITH DISABILITIES ACT

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact ADA Coordinator, Human Resources, Orange County Courthouse, 425 N. Orange Avenue, Suite 510, Orlando, Florida, (407) 836-2303, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA**

| | |
|---|---|
| ESTATE OF MILAGROS "MILLIE" ORTIZ, by and through its Personal Representative, EVELYN ALICEA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ORLANDO, FLORIDA; FORD MOTOR COMPANY, a Delaware corporation; DANA SAFETY SUPPLY, INC.; and FEDERAL SIGNAL CORPORATION, INC.,<br><br>Defendants. | Case No.: 2026-CA-008582-O<br><br>Division: 34 |

**SUMMONS**

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this Summons and a copy of the First Amended Complaint for Wrongful Death, Product Liability, Civil Rights Violations, and Damages and Demand for Jury Trial in this action on Defendant:

**FEDERAL SIGNAL CORPORATION, INC.**
c/o its Registered Agent: NRAI Services, Inc.
Address: 1200 S. Pine Island Road, Plantation, FL 33324

Defendant is required to serve written defenses to the First Amended Complaint on Plaintiff's attorneys, whose names and addresses are:

Sue-Ann Robinson, Esq. (Florida Bar No. 29463)
Gabrielle Higgins, Esq. (Florida Bar No. 1025840)
BEN CRUMP LAW
614 S. Federal Highway
Fort Lauderdale, FL 33301
sueann@bencrump.com | gabrielle@bencrump.com

Michael D. Cerasa, Esq. (Florida Bar No. 0015085)
ROMANUCCI & BLANDIN, LLC
321 N. Clark St., Suite 900
Chicago, IL 60654
mcerasa@rblaw.net

within 20 days after service of this Summons on Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's

attorney or immediately thereafter. If Defendant fails to do so, a default will be entered against Defendant for the relief demanded in the First Amended Complaint.

DATED on October 20th, 2026

**Joyce Boudoin, Clerk Ad Interim**
**Civil Division**
425 N Orange Ave
Room 350
Orlando, Florida 32801

By: /s/ Lauren Scheidt
As Deputy Clerk
(Court Seal)

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this circuit court, located at: Clerk of the Circuit Court, Orange County Courthouse, 425 North Orange Avenue, Orlando, Florida 32801. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your written response on time, you may lose the case, and your wages, money, and property may be taken thereafter without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also serve a copy of your written response on the party serving this summons at: Sue-Ann Robinson, Esq., Ben Crump Law, 614 S. Federal Highway, Fort Lauderdale, FL 33301. Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit Court's office. You may review these documents, upon request. You must keep the Clerk of the Circuit Court's office notified of your current address. Future papers in this lawsuit will be served at the address on record at the clerk's office.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal, ubicado en: Clerk of the Circuit Court, Orange County Courthouse, 425 North Orange Avenue, Orlando, Florida 32801. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica. Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, usted debe enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como

"Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante): Sue-Ann Robinson, Esq., Ben Crump Law, 614 S. Federal Highway, Fort Lauderdale, FL 33301.

## IMPORTANT

Des poursuites judiciaires ont été entreprises contre vous. Vous avez 20 jours consécutifs à partir de la date de l'assignation de cette citation pour déposer une réponse écrite à la plainte ci-jointe auprès de ce tribunal, qui se trouve à : Clerk of the Circuit Court, Orange County Courthouse, 425 North Orange Avenue, Orlando, Florida 32801. Un simple coup de téléphone est insuffisant pour vous protéger. Vous êtes obligé de déposer votre réponse écrite, avec mention du numéro de dossier ci-dessus et du nom des parties nommées ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne déposez pas votre réponse écrite dans le délai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent être saisis par la suite, sans aucun préavis ultérieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requérir les services immédiats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez téléphoner à un service de référence d'avocats ou à un bureau d'assistance juridique (figurant à l'annuaire de téléphones). Si vous choisissez de déposer vous-même une réponse écrite, il vous faudra également, en même temps que cette formalité, faire parvenir ou expédier une copie de votre réponse écrite au « Plaintiff/Plaintiff's Attorney » (Plaignant ou à son avocat) nommé ci-dessous : Sue-Ann Robinson, Esq., Ben Crump Law, 614 S. Federal Highway, Fort Lauderdale, FL 33301.

## AMERICANS WITH DISABILITIES ACT

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact ADA Coordinator, Human Resources, Orange County Courthouse, 425 N. Orange Avenue, Suite 510, Orlando, Florida, (407) 836-2303, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA**

| | |
|---|---|
| ESTATE OF MILAGROS "MILLIE" ORTIZ, by and through its Personal Representative, EVELYN ALICEA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ORLANDO, FLORIDA; FORD MOTOR COMPANY, a Delaware corporation; DANA SAFETY SUPPLY, INC.; and FEDERAL SIGNAL CORPORATION, INC.,<br><br>Defendants. | Case No.: 2026-CA-008582-O<br><br>Division: 34 |

**SUMMONS**

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this Summons and a copy of the First Amended Complaint for Wrongful Death, Product Liability, Civil Rights Violations, and Damages and Demand for Jury Trial in this action on Defendant:

**FORD MOTOR COMPANY**
c/o its Registered Agent: CT Corporation System
Address: 1200 S Pine Island Road, Plantation, FL 33324

Defendant is required to serve written defenses to the First Amended Complaint on Plaintiff's attorneys, whose names and addresses are:

Sue-Ann Robinson, Esq. (Florida Bar No. 29463)
Gabrielle Higgins, Esq. (Florida Bar No. 1025840)
BEN CRUMP LAW
614 S. Federal Highway
Fort Lauderdale, FL 33301
sueann@bencrump.com | gabrielle@bencrump.com

Michael D. Cerasa, Esq. (Florida Bar No. 0015085)
ROMANUCCI & BLANDIN, LLC
321 N. Clark St., Suite 900
Chicago, IL 60654
mcerasa@rblaw.net

within 20 days after service of this Summons on Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's

attorney or immediately thereafter. If Defendant fails to do so, a default will be entered against Defendant for the relief demanded in the First Amended Complaint.

DATED on October 20th, 2026

**Joyce Boudoin, Clerk Ad Interim**
**Civil Division**
425 N Orange Ave
Room 350
Orlando, Florida 32801

By: /s/ Lauren Scheidt
As Deputy Clerk
(Court Seal)

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this circuit court, located at: Clerk of the Circuit Court, Orange County Courthouse, 425 North Orange Avenue, Orlando, Florida 32801. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your written response on time, you may lose the case, and your wages, money, and property may be taken thereafter without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also serve a copy of your written response on the party serving this summons at: Sue-Ann Robinson, Esq., Ben Crump Law, 614 S. Federal Highway, Fort Lauderdale, FL 33301. Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit Court's office. You may review these documents, upon request. You must keep the Clerk of the Circuit Court's office notified of your current address. Future papers in this lawsuit will be served at the address on record at the clerk's office.

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene veinte (20) días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal, ubicado en: Clerk of the Circuit Court, Orange County Courthouse, 425 North Orange Avenue, Orlando, Florida 32801. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica. Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, usted debe enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como

"Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante): Sue-Ann Robinson, Esq., Ben Crump Law, 614 S. Federal Highway, Fort Lauderdale, FL 33301.

## IMPORTANT

Des poursuites judiciaires ont été entreprises contre vous. Vous avez 20 jours consécutifs à partir de la date de l'assignation de cette citation pour déposer une réponse écrite à la plainte ci-jointe auprès de ce tribunal, qui se trouve à : Clerk of the Circuit Court, Orange County Courthouse, 425 North Orange Avenue, Orlando, Florida 32801. Un simple coup de téléphone est insuffisant pour vous protéger. Vous êtes obligé de déposer votre réponse écrite, avec mention du numéro de dossier ci-dessus et du nom des parties nommées ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne déposez pas votre réponse écrite dans le délai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent être saisis par la suite, sans aucun préavis ultérieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requérir les services immédiats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez téléphoner à un service de référence d'avocats ou à un bureau d'assistance juridique (figurant à l'annuaire de téléphones). Si vous choisissez de déposer vous-même une réponse écrite, il vous faudra également, en même temps que cette formalité, faire parvenir ou expédier une copie de votre réponse écrite au « Plaintiff/Plaintiff's Attorney » (Plaignant ou à son avocat) nommé ci-dessous : Sue-Ann Robinson, Esq., Ben Crump Law, 614 S. Federal Highway, Fort Lauderdale, FL 33301.

## AMERICANS WITH DISABILITIES ACT

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact ADA Coordinator, Human Resources, Orange County Courthouse, 425 N. Orange Avenue, Suite 510, Orlando, Florida, (407) 836-2303, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

# RETURN OF SERVICE

**State of Florida** **County of Orange** **Circuit Court**

Case Number: 2026-CA-008582-O

Plaintiff: **ESTATE OF MILAGROS "MILLIE" ORTIZ BY AND THROUGH ITS PERSONAL REPRESENTATIVE, EVELYN ALICEA,**
vs.
Defendant: **CITY OF ORLANDO, FLORIDA; FORD MOTOR COMPANY, A DELAWARE CORPORATION; DANA SAFETY SUPPLY, INC,; AND FEDERAL SIGNAL CORPORATION, INC.,**

For:
SUE-ANN ROBINSON
BEN CRUMP LAW
614 S FEDERAL HIGHWAY
FORT LAUDERDALE, FL 33301

Received by Caplan, Caplan and Caplan on the 23rd day of October, 2026 at 9:06 am to be served on **CITY OF ORLANDO, FLORIDA C/O THE MAYOR OF THE CITY OF ORLANDO (OR IN THE MAYOR'S ABSENCE, AS PROVDED BY SECTION 48.111, FLORIDA STATUTES), 400 SOUTH ORANGE AVENUE, CITY HALL, ORLANDO, FL 32801**.

I, BROCK JANSEN, do hereby affirm that on the **26th day of October, 2026** at **10:10 am, I:**

served a **GOVERNMENT AGENCY** by delivering a true copy of the **SUMMONS, FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, PRODUCT LIABILITY, CIVIL RIGHTS VIOLATIONS, AND DAMAGES AND DEMAND FOR JURY TRIAL,** with the date and hour of service endorsed thereon by me, to: **LISA WILSON** as **CITY CLERK** for **CITY OF ORLANDO, FLORIDA C/O THE MAYOR OF THE CITY OF ORLANDO (OR IN THE MAYOR'S ABSENCE, AS PROVDED BY SECTION 48.111, FLORIDA STATUTES)**, at 400 SOUTH ORANGE AVENUE, CITY HALL, ORLANDO, FL 32801 and informed said person of the contents therein, in compliance with State Statutes.

**Additional Information pertaining to this Service:**
10/26/2026 10:10 am Attempted service at 400 SOUTH ORANGE AVENUE CITY HALL, ORLANDO, FL 32801

Lisa Wilson as city clerk 50+ f black 5'1" 150 brown Y

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server in good standing in the judicial circuit in which the process was served. Under penalty of perjury, I declare that I have read the foregoing Return of Service and that the facts stated in it are true and correct. No notary is required pursuant FS 92.525(2) and 28 USC Section 1746.

**BROCK JANSEN**
360

**Caplan, Caplan and Caplan**
**351 SW 136TH AVE**
**Suite #207**
**Davie, FL 33325**
**(954) 462-1800**

Our Job Serial Number: CPN-2026038788

Filing # 259517851 E-Filed 10/19/2026 02:40:55 PM

**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA**

| | |
|---|---|
| ESTATE OF MILAGROS "MILLIE" ORTIZ, by and through its Personal Representative, EVELYN ALICEA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ORLANDO, FLORIDA; FORD MOTOR COMPANY, a Delaware corporation; DANA SAFETY SUPPLY, INC.; and FEDERAL SIGNAL CORPORATION, INC.,<br><br>Defendants. | Case No.: 2026-CA-008582-O<br><br>Division: 34 |

DELIVERED 10/26/2026 10:10 AM
SERVER BJ
LICENSE 360

**SUMMONS**

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this Summons and a copy of the First Amended Complaint for Wrongful Death, Product Liability, Civil Rights Violations, and Damages and Demand for Jury Trial in this action on Defendant:

**CITY OF ORLANDO, FLORIDA**
c/o the Mayor of the City of Orlando (or, in the Mayor's absence, as provided by section 48.111, Florida Statutes)
City Hall, 400 South Orange Avenue
Orlando, Florida 32801

Defendant is required to serve written defenses to the First Amended Complaint on Plaintiff's attorneys, whose names and addresses are:

Sue-Ann Robinson, Esq. (Florida Bar No. 29463)
Gabrielle Higgins, Esq. (Florida Bar No. 1025840)
BEN CRUMP LAW
614 S. Federal Highway
Fort Lauderdale, FL 33301
sueann@bencrump.com | gabrielle@bencrump.com

Michael D. Cerasa, Esq. (Florida Bar No. 0015085)
ROMANUCCI & BLANDIN, LLC
321 N. Clark St., Suite 900
Chicago, IL 60654
mcerasa@rblaw.net

within 20 days after service of this Summons on Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If Defendant fails to do so, a default will be entered against Defendant for the relief demanded in the First Amended Complaint.

DATED on October 20th, 2026

**Joyce Boudoin, Clerk Ad Interim**
**Civil Division**
425 N Orange Ave
Room 350
Orlando, Florida 32801

By: /s/ Lauren Scheidt
As Deputy Clerk
(Court Seal)

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this circuit court, located at: Clerk of the Circuit Court, Orange County Courthouse, 425 North Orange Avenue, Orlando, Florida 32801. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your written response on time, you may lose the case, and your wages, money, and property may be taken thereafter without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also serve a copy of your written response on the party serving this summons at: Sue-Ann Robinson, Esq., Ben Crump Law, 614 S. Federal Highway, Fort Lauderdale, FL 33301. Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit Court's office. You may review these documents, upon request. You must keep the Clerk of the Circuit Court's office notified of your current address. Future papers in this lawsuit will be served at the address on record at the clerk's office.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal, ubicado en: Clerk of the Circuit Court, Orange County Courthouse, 425 North Orange Avenue, Orlando, Florida 32801. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica. Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, usted debe enviar por

correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante): Sue-Ann Robinson, Esq., Ben Crump Law, 614 S. Federal Highway, Fort Lauderdale, FL 33301.

**IMPORTANT**

Des poursuites judiciaires ont été entreprises contre vous. Vous avez 20 jours consécutifs à partir de la date de l'assignation de cette citation pour déposer une réponse écrite à la plainte ci-jointe auprès de ce tribunal, qui se trouve à : Clerk of the Circuit Court, Orange County Courthouse, 425 North Orange Avenue, Orlando, Florida 32801. Un simple coup de téléphone est insuffisant pour vous protéger. Vous êtes obligé de déposer votre réponse écrite, avec mention du numéro de dossier ci-dessus et du nom des parties nommées ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne déposez pas votre réponse écrite dans le délai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent être saisis par la suite, sans aucun préavis ultérieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requérir les services immédiats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez téléphoner à un service de référence d'avocats ou à un bureau d'assistance juridique (figurant à l'annuaire de téléphones). Si vous choisissez de déposer vous-même une réponse écrite, il vous faudra également, en même temps que cette formalité, faire parvenir ou expédier une copie de votre réponse écrite au « Plaintiff/Plaintiff's Attorney » (Plaignant ou à son avocat) nommé ci-dessous : Sue-Ann Robinson, Esq., Ben Crump Law, 614 S. Federal Highway, Fort Lauderdale, FL 33301.

**AMERICANS WITH DISABILITIES ACT**

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact ADA Coordinator, Human Resources, Orange County Courthouse, 425 N. Orange Avenue, Suite 510, Orlando, Florida, (407) 836-2303, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

Filing # 260056491 E-Filed 10/27/2026 09:37:34 AM

# RETURN OF SERVICE

**State of Florida** **County of Orange** **Circuit Court**

Case Number: 2026-CA-008582-O

Plaintiff: **ESTATE OF MILAGROS "MILLIE" ORTIZ BY AND THROUGH ITS PERSONAL REPRESENTATIVE, EVELYN ALICEA,**
vs.
Defendant: **CITY OF ORLANDO, FLORIDA; FORD MOTOR COMPANY, A DELAWARE CORPORATION; DANA SAFETY SUPPLY, INC,; AND FEDERAL SIGNAL CORPORATION, INC.,**

For:
SUE-ANN ROBINSON
BEN CRUMP LAW
614 S FEDERAL HIGHWAY
FORT LAUDERDALE, FL 33301

Received by Caplan, Caplan & Caplan Process Servers on the 21st day of October, 2026 at 8:33 am to be served on **DANA SAFETY SUPPLY, INC. C/O ITS REGISTERED AGENT: REGISTERED AGENT SOLUTIONS, INC., 1200 S. PINE ISLAND ROAD, PLANTATION, FL 33324**

I, Luzeneida Gonzalez, do hereby affirm that on the **22nd day of October, 2026** at **12:50 pm, I:**

served a **CORPORATION, REGISTERED AGENT** by delivering a true copy of the **SUMMONS, AND FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, PRODUCT LIABILITY, CIVIL RIGHTS VIOLATIONS, AND DAMAGES AND DEMAND FOR JURY TRIAL** with the date and hour of service endorsed thereon by me, to: **REGISTERED AGENT SOLUTIONS, INC.** as **REGISTERED AGENT** at the address of: **1200 S PINE SLAND RD, STE 250, PLANTATION, FL 33324** on behalf of **DANA SAFETY SUPPLY, INC. C/O ITS REGISTERED AGENT: REGISTERED AGENT SOLUTIONS, INC.**, and informed said person of the contents therein, in compliance with Florida State Statute 48.091.

**Additional Information pertaining to this Service:**
BY SERVING DONNA MOCH AS EMPLOYEE OF THE REGISTERED AGENT

I certify that I am over the age of 18, have no interest in the above action, and am a Sheriff Appointed Process Server/Certified Process Server in good standing in the judicial circuit in which the process was served in the county in which this defendant/witness was served and have no interest in the above action. Under penalty of perjury, I declare that I have read the foregoing Return of Service and that the facts stated in it are true and correct. No notary is required pursuant FS 92.525(2) and 28 USC Section 1746.

**Luzeneida Gonzalez**
1089

**Caplan, Caplan & Caplan Process Servers**
**351 SW 136th Avenue**
**Suite 207**
**Davie, FL 33325**
**(305) 374-3426**

Our Job Serial Number: CPN-2026038786
Service Fee: ________

Filing # 259517851 E-Filed 10/19/2026 02:40:55 PM

**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA**

| | |
|---|---|
| ESTATE OF MILAGROS "MILLIE" ORTIZ, by and through its Personal Representative, EVELYN ALICEA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ORLANDO, FLORIDA; FORD MOTOR COMPANY, a Delaware corporation; DANA SAFETY SUPPLY, INC.; and FEDERAL SIGNAL CORPORATION, INC.,<br><br>Defendants. | Case No.: 2026-CA-008582-O<br><br>Division: 34 |

DELIVERED 10/22/2026 12:50 PM
SERVER LG
LICENSE 1089

## SUMMONS

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this Summons and a copy of the First Amended Complaint for Wrongful Death, Product Liability, Civil Rights Violations, and Damages and Demand for Jury Trial in this action on Defendant:

**DANA SAFETY SUPPLY, INC.**
c/o its Registered Agent: Registered Agent Solutions, Inc.
Address: 1200 S Pine Island Road, Plantation, FL 33324

Defendant is required to serve written defenses to the First Amended Complaint on Plaintiff's attorneys, whose names and addresses are:

Sue-Ann Robinson, Esq. (Florida Bar No. 29463)
Gabrielle Higgins, Esq. (Florida Bar No. 1025840)
BEN CRUMP LAW
614 S. Federal Highway
Fort Lauderdale, FL 33301
sueann@bencrump.com | gabrielle@bencrump.com

Michael D. Cerasa, Esq. (Florida Bar No. 0015085)
ROMANUCCI & BLANDIN, LLC
321 N. Clark St., Suite 900
Chicago, IL 60654
mcerasa@rblaw.net

within 20 days after service of this Summons on Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's

attorney or immediately thereafter. If Defendant fails to do so, a default will be entered against Defendant for the relief demanded in the First Amended Complaint.

DATED on October 20th, 2026

Joyce Boudoin, Clerk Ad Interim
Civil Division
425 N Orange Ave
Room 350
Orlando, Florida 32801

By: /s/ Lauren Scheidt
As Deputy Clerk
(Court Seal)

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this circuit court, located at: Clerk of the Circuit Court, Orange County Courthouse, 425 North Orange Avenue, Orlando, Florida 32801. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your written response on time, you may lose the case, and your wages, money, and property may be taken thereafter without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also serve a copy of your written response on the party serving this summons at: Sue-Ann Robinson, Esq., Ben Crump Law, 614 S. Federal Highway, Fort Lauderdale, FL 33301. Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit Court's office. You may review these documents, upon request. You must keep the Clerk of the Circuit Court's office notified of your current address. Future papers in this lawsuit will be served at the address on record at the clerk's office.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal, ubicado en: Clerk of the Circuit Court, Orange County Courthouse, 425 North Orange Avenue, Orlando, Florida 32801. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica. Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, usted debe enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como

"Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante): Sue-Ann Robinson, Esq., Ben Crump Law, 614 S. Federal Highway, Fort Lauderdale, FL 33301.

## IMPORTANT

Des poursuites judiciaires ont été entreprises contre vous. Vous avez 20 jours consécutifs à partir de la date de l'assignation de cette citation pour déposer une réponse écrite à la plainte ci-jointe auprès de ce tribunal, qui se trouve à : Clerk of the Circuit Court, Orange County Courthouse, 425 North Orange Avenue, Orlando, Florida 32801. Un simple coup de téléphone est insuffisant pour vous protéger. Vous êtes obligé de déposer votre réponse écrite, avec mention du numéro de dossier ci-dessus et du nom des parties nommées ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne déposez pas votre réponse écrite dans le délai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent être saisis par la suite, sans aucun préavis ultérieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requérir les services immédiats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez téléphoner à un service de référence d'avocats ou à un bureau d'assistance juridique (figurant à l'annuaire de téléphones). Si vous choisissez de déposer vous-même une réponse écrite, il vous faudra également, en même temps que cette formalité, faire parvenir ou expédier une copie de votre réponse écrite au « Plaintiff/Plaintiff's Attorney » (Plaignant ou à son avocat) nommé ci-dessous : Sue-Ann Robinson, Esq., Ben Crump Law, 614 S. Federal Highway, Fort Lauderdale, FL 33301.

## AMERICANS WITH DISABILITIES ACT

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact ADA Coordinator, Human Resources, Orange County Courthouse, 425 N. Orange Avenue, Suite 510, Orlando, Florida, (407) 836-2303, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

# RETURN OF SERVICE

**State of Florida** **County of Orange** **Circuit Court**

Case Number: 2026-CA-008582-O

Plaintiff: **ESTATE OF MILAGROS "MILLIE" ORTIZ BY AND THROUGH ITS PERSONAL REPRESENTATIVE, EVELYN ALICEA,**
vs.
Defendant: **CITY OF ORLANDO, FLORIDA; FORD MOTOR COMPANY, A DELAWARE CORPORATION; DANA SAFETY SUPPLY, INC,; AND FEDERAL SIGNAL CORPORATION, INC.,**

For:
SUE-ANN ROBINSON
BEN CRUMP LAW
614 S FEDERAL HIGHWAY
FORT LAUDERDALE, FL 33301

Received by Caplan, Caplan & Caplan Process Servers on the 21st day of October, 2026 at 8:33 am to be served on **FORD MOTOR COMPANY C/O ITS REGISTERED AGENT: CT CORPORATION SYSTEM, 1200 S. PINE ISLAND ROAD, PLANTATION, FL 33324**

I, Luzeneida Gonzalez, do hereby affirm that on the **22nd day of October, 2026** at **12:50 pm, I:**

served a **CORPORATION, REGISTERED AGENT** by delivering a true copy of the **SUMMONS, AND FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, PRODUCT LIABILITY, CIVIL RIGHTS VIOLATIONS, AND DAMAGES AND DEMAND FOR JURY TRIAL** with the date and hour of service endorsed thereon by me, to: **CT CORPORATION SYSTEM** as **REGISTERED AGENT** at the address of: **1200 S PINE SLAND RD, STE 250, PLANTATION, FL 33324** on behalf of **FORD MOTOR COMPANY C/O ITS REGISTERED AGENT: CT CORPORATION SYSTEM**, and informed said person of the contents therein, in compliance with Florida State Statute 48.091.

**Additional Information pertaining to this Service:**
BY SERVING DONNA MOCH AS EMPLOYEE OF THE REGISTERED AGENT

I certify that I am over the age of 18, have no interest in the above action, and am a Sheriff Appointed Process Server/Certified Process Server in good standing in the judicial circuit in which the process was served in the county in which this defendant/witness was served and have no interest in the above action. Under penalty of perjury, I declare that I have read the foregoing Return of Service and that the facts stated in it are true and correct. No notary is required pursuant FS 92.525(2) and 28 USC Section 1746.

**Luzeneida Gonzalez**
1089

**Caplan, Caplan & Caplan Process Servers**
**351 SW 136th Avenue**
**Suite 207**
**Davie, FL 33325**
**(305) 374-3426**

Our Job Serial Number: CPN-2026038787
Service Fee: ________

Filing # 259517851 E-Filed 10/19/2026 02:40:55 PM

**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA**

| | |
|---|---|
| ESTATE OF MILAGROS "MILLIE" ORTIZ, by and through its Personal Representative, EVELYN ALICEA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ORLANDO, FLORIDA; FORD MOTOR COMPANY, a Delaware corporation; DANA SAFETY SUPPLY, INC.; and FEDERAL SIGNAL CORPORATION, INC.,<br><br>Defendants. | Case No.: 2026-CA-008582-O<br><br>Division: 34 |

DELIVERED 10/22/2026 12:50 PM
SERVER LG
LICENSE 1089

**SUMMONS**

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this Summons and a copy of the First Amended Complaint for Wrongful Death, Product Liability, Civil Rights Violations, and Damages and Demand for Jury Trial in this action on Defendant:

**FORD MOTOR COMPANY**
c/o its Registered Agent: CT Corporation System
Address: 1200 S Pine Island Road, Plantation, FL 33324

Defendant is required to serve written defenses to the First Amended Complaint on Plaintiff's attorneys, whose names and addresses are:

Sue-Ann Robinson, Esq. (Florida Bar No. 29463)
Gabrielle Higgins, Esq. (Florida Bar No. 1025840)
BEN CRUMP LAW
614 S. Federal Highway
Fort Lauderdale, FL 33301
sueann@bencrump.com | gabrielle@bencrump.com

Michael D. Cerasa, Esq. (Florida Bar No. 0015085)
ROMANUCCI & BLANDIN, LLC
321 N. Clark St., Suite 900
Chicago, IL 60654
mcerasa@rblaw.net

within 20 days after service of this Summons on Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's

attorney or immediately thereafter. If Defendant fails to do so, a default will be entered against Defendant for the relief demanded in the First Amended Complaint.

DATED on October 20th, 2026

**Joyce Boudoin, Clerk Ad Interim**
**Civil Division**
425 N Orange Ave
Room 350
Orlando, Florida 32801

By: /s/ Lauren Scheidt
As Deputy Clerk
(Court Seal)

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this circuit court, located at: Clerk of the Circuit Court, Orange County Courthouse, 425 North Orange Avenue, Orlando, Florida 32801. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your written response on time, you may lose the case, and your wages, money, and property may be taken thereafter without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also serve a copy of your written response on the party serving this summons at: Sue-Ann Robinson, Esq., Ben Crump Law, 614 S. Federal Highway, Fort Lauderdale, FL 33301. Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit Court's office. You may review these documents, upon request. You must keep the Clerk of the Circuit Court's office notified of your current address. Future papers in this lawsuit will be served at the address on record at the clerk's office.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal, ubicado en: Clerk of the Circuit Court, Orange County Courthouse, 425 North Orange Avenue, Orlando, Florida 32801. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica. Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, usted debe enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como

"Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante): Sue-Ann Robinson, Esq., Ben Crump Law, 614 S. Federal Highway, Fort Lauderdale, FL 33301.

**IMPORTANT**

Des poursuites judiciaires ont été entreprises contre vous. Vous avez 20 jours consécutifs à partir de la date de l'assignation de cette citation pour déposer une réponse écrite à la plainte ci-jointe auprès de ce tribunal, qui se trouve à : Clerk of the Circuit Court, Orange County Courthouse, 425 North Orange Avenue, Orlando, Florida 32801. Un simple coup de téléphone est insuffisant pour vous protéger. Vous êtes obligé de déposer votre réponse écrite, avec mention du numéro de dossier ci-dessus et du nom des parties nommées ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne déposez pas votre réponse écrite dans le délai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent être saisis par la suite, sans aucun préavis ultérieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requérir les services immédiats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez téléphoner à un service de référence d'avocats ou à un bureau d'assistance juridique (figurant à l'annuaire de téléphones). Si vous choisissez de déposer vous-même une réponse écrite, il vous faudra également, en même temps que cette formalité, faire parvenir ou expédier une copie de votre réponse écrite au « Plaintiff/Plaintiff's Attorney » (Plaignant ou à son avocat) nommé ci-dessous : Sue-Ann Robinson, Esq., Ben Crump Law, 614 S. Federal Highway, Fort Lauderdale, FL 33301.

**AMERICANS WITH DISABILITIES ACT**

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact ADA Coordinator, Human Resources, Orange County Courthouse, 425 N. Orange Avenue, Suite 510, Orlando, Florida, (407) 836-2303, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

# RETURN OF SERVICE

**State of Florida** **County of Orange** **Circuit Court**

Case Number: 2026-CA-008582-O

Plaintiff: **ESTATE OF MILAGROS "MILLIE" ORTIZ BY AND THROUGH ITS PERSONAL REPRESENTATIVE, EVELYN ALICEA,**
vs.
Defendant: **CITY OF ORLANDO, FLORIDA; FORD MOTOR COMPANY, A DELAWARE CORPORATION; DANA SAFETY SUPPLY, INC,; AND FEDERAL SIGNAL CORPORATION, INC.,**

For:
SUE-ANN ROBINSON
BEN CRUMP LAW
614 S FEDERAL HIGHWAY
FORT LAUDERDALE, FL 33301

Received by Caplan, Caplan & Caplan Process Servers on the 21st day of October, 2026 at 8:33 am to be served on **FEDERAL SIGNAL CORPORATION, INC. C/O ITS REGISTERED AGENT: NRAI SERVICES, INC., 1200 S. PINE ISLAND ROAD, PLANTATION, FL 33324**

I, Luzeneida Gonzalez, do hereby affirm that on the **22nd day of October, 2026** at **12:50 pm, I:**

served a **CORPORATION, REGISTERED AGENT** by delivering a true copy of the **SUMMONS, AND FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, PRODUCT LIABILITY, CIVIL RIGHTS VIOLATIONS, AND DAMAGES AND DEMAND FOR JURY TRIAL,** with the date and hour of service endorsed thereon by me, to: **NRAI SERVICES, INC.** as **REGISTERED AGENT** at the address of: **1200 S PINE SLAND RD, STE 250, PLANTATION, FL 33324** on behalf of **FEDERAL SIGNAL CORPORATION, INC. C/O ITS REGISTERED AGENT: NRAI SERVICES, INC.**, and informed said person of the contents therein, in compliance with Florida State Statute 48.091.

**Additional Information pertaining to this Service:**
BY SERVING DONNA MOCH AS EMPLOYEE OF THE REGISTERED AGENT

I certify that I am over the age of 18, have no interest in the above action, and am a Sheriff Appointed Process Server/Certified Process Server in good standing in the judicial circuit in which the process was served in the county in which this defendant/witness was served and have no interest in the above action. Under penalty of perjury, I declare that I have read the foregoing Return of Service and that the facts stated in it are true and correct. No notary is required pursuant FS 92.525(2) and 28 USC Section 1746.

**Luzeneida Gonzalez**
1089

**Caplan, Caplan & Caplan Process Servers**
**351 SW 136th Avenue**
**Suite 207**
**Davie, FL 33325**
**(305) 374-3426**

Our Job Serial Number: CPN-2026038784
Service Fee: ________

Filing # 259517851 E-Filed 10/19/2026 02:40:55 PM

**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA**

| | |
|---|---|
| ESTATE OF MILAGROS "MILLIE" ORTIZ, by and through its Personal Representative, EVELYN ALICEA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ORLANDO, FLORIDA; FORD MOTOR COMPANY, a Delaware corporation; DANA SAFETY SUPPLY, INC.; and FEDERAL SIGNAL CORPORATION, INC.,<br><br>Defendants. | Case No.: 2026-CA-008582-O<br><br>Division: 34 |

DELIVERED 10/22/2026 12:50 PM
SERVER LG
LICENSE 1089

## SUMMONS

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this Summons and a copy of the First Amended Complaint for Wrongful Death, Product Liability, Civil Rights Violations, and Damages and Demand for Jury Trial in this action on Defendant:

**FEDERAL SIGNAL CORPORATION, INC.**
c/o its Registered Agent: NRAI Services, Inc.
Address: 1200 S. Pine Island Road, Plantation, FL 33324

Defendant is required to serve written defenses to the First Amended Complaint on Plaintiff's attorneys, whose names and addresses are:

Sue-Ann Robinson, Esq. (Florida Bar No. 29463)
Gabrielle Higgins, Esq. (Florida Bar No. 1025840)
BEN CRUMP LAW
614 S. Federal Highway
Fort Lauderdale, FL 33301
sueann@bencrump.com | gabrielle@bencrump.com

Michael D. Cerasa, Esq. (Florida Bar No. 0015085)
ROMANUCCI & BLANDIN, LLC
321 N. Clark St., Suite 900
Chicago, IL 60654
mcerasa@rblaw.net

within 20 days after service of this Summons on Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's

attorney or immediately thereafter. If Defendant fails to do so, a default will be entered against Defendant for the relief demanded in the First Amended Complaint.

DATED on October 20th, 2026

Joyce Boudoin, Clerk Ad Interim
Civil Division
425 N Orange Ave
Room 350
Orlando, Florida 32801

By: /s/ Lauren Scheidt
As Deputy Clerk
(Court Seal)

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this circuit court, located at: Clerk of the Circuit Court, Orange County Courthouse, 425 North Orange Avenue, Orlando, Florida 32801. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your written response on time, you may lose the case, and your wages, money, and property may be taken thereafter without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also serve a copy of your written response on the party serving this summons at: Sue-Ann Robinson, Esq., Ben Crump Law, 614 S. Federal Highway, Fort Lauderdale, FL 33301. Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit Court's office. You may review these documents, upon request. You must keep the Clerk of the Circuit Court's office notified of your current address. Future papers in this lawsuit will be served at the address on record at the clerk's office.

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene veinte (20) días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal, ubicado en: Clerk of the Circuit Court, Orange County Courthouse, 425 North Orange Avenue, Orlando, Florida 32801. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica. Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, usted debe enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como

"Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante): Sue-Ann Robinson, Esq., Ben Crump Law, 614 S. Federal Highway, Fort Lauderdale, FL 33301.

**IMPORTANT**

Des poursuites judiciaires ont été entreprises contre vous. Vous avez 20 jours consécutifs à partir de la date de l'assignation de cette citation pour déposer une réponse écrite à la plainte ci-jointe auprès de ce tribunal, qui se trouve à : Clerk of the Circuit Court, Orange County Courthouse, 425 North Orange Avenue, Orlando, Florida 32801. Un simple coup de téléphone est insuffisant pour vous protéger. Vous êtes obligé de déposer votre réponse écrite, avec mention du numéro de dossier ci-dessus et du nom des parties nommées ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne déposez pas votre réponse écrite dans le délai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent être saisis par la suite, sans aucun préavis ultérieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requérir les services immédiats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez téléphoner à un service de référence d'avocats ou à un bureau d'assistance juridique (figurant à l'annuaire de téléphones). Si vous choisissez de déposer vous-même une réponse écrite, il vous faudra également, en même temps que cette formalité, faire parvenir ou expédier une copie de votre réponse écrite au « Plaintiff/Plaintiff's Attorney » (Plaignant ou à son avocat) nommé ci-dessous : Sue-Ann Robinson, Esq., Ben Crump Law, 614 S. Federal Highway, Fort Lauderdale, FL 33301.

**AMERICANS WITH DISABILITIES ACT**

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact ADA Coordinator, Human Resources, Orange County Courthouse, 425 N. Orange Avenue, Suite 510, Orlando, Florida, (407) 836-2303, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.