**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ESTATE OF MILAGROS "MILLIE" ORTIZ, by and through its Personal Representative, EVELYN ALICEA,

Plaintiff,

v.

CITY OF ORLANDO, FLORIDA; FORD MOTOR COMPANY, a Delaware corporation; PUBLIC SAFETY SUPPLY, LLC, a Florida limited liability company; DANA SAFETY SUPPLY, INC.; and FEDERAL SIGNAL CORPORATION, INC.,

Case No. 6:26-cv-02625-GAP-NWH

Defendants.
____________________________________/

**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, the ESTATE OF MILAGROS "MILLIE" ORTIZ, by and through its Personal Representative, EVELYN ALICEA ("Plaintiff"), pursuant to Federal Rules of Civil Procedure 15(a)(2) and 21 and Local Rule 3.01, moves for leave to file the Second Amended Complaint attached as Exhibit A, which adds Public Safety Supply, LLC as a defendant and asserts new counts arising from the same

collision. All Defendants have stated that they have no objection to this motion. In support, Plaintiff states:

## BACKGROUND

1. This is a wrongful-death action arising from the January 18, 2026 collision at South Semoran Boulevard and Hoffner Avenue in Orlando, in which Orlando Police Department patrol vehicle number 10467 entered the intersection against a red signal and struck the vehicle in which 92-year-old Milagros "Millie" Ortiz was a passenger. Ms. Ortiz died from her injuries on January 19, 2026.

2. Plaintiff filed the original Complaint in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, Case No. 2026-CA-008582, on [DATE]. Before any Defendant served a responsive pleading, Plaintiff filed the First Amended Complaint on October 19, 2026 as a matter of course. The First Amended Complaint names the City of Orlando, Ford Motor Company, Dana Safety Supply, Inc. ("Dana"), and Federal Signal Corporation, Inc. as Defendants and alleges that Dana designed and installed the emergency-equipment integration on the subject patrol vehicle.

3. The action was removed to this Court on November 10, 2026 and is pending as Case No. 6:26-cv-02625-GAP-NWH.

4. No Defendant has served an answer or other responsive pleading to the original Complaint or the First Amended Complaint. No Case Management and

Scheduling Order has been entered establishing a deadline for amending pleadings or adding parties.

5. After the First Amended Complaint was filed, Plaintiff learned that Public Safety Supply, LLC ("PSS"), a Florida limited liability company, performed the upfitting of the subject patrol vehicle and, on information and belief, was responsible for maintaining its emergency warning equipment until in or around March 2025. Plaintiff further learned that in or around March 2025, Dana acquired assets of PSS through an asset purchase, including the business of upfitting and maintaining OPD vehicles, and from that time through January 18, 2026, was responsible for maintaining the subject vehicle's emergency warning equipment.

6. Florida Department of State records reflect that PSS (Document No. L17000173568) was administratively dissolved on September 26, 2025, for failure to file an annual report. The claims against PSS arise from acts and omissions that predate its dissolution.

7. The proposed Second Amended Complaint conforms the pleading to this information. It (a) adds PSS as a Defendant and asserts against it the strict-liability, negligence, and implied-warranty counts previously pleaded against Dana based on the design and installation of the upfit (Counts XIII through XVIII); (b) limits the claims against Dana to a single count for negligent maintenance, inspection, and repair of the subject vehicle's emergency warning equipment from in or

around March 2025 through January 18, 2026 (Count XIX); and (c) makes conforming changes to the parties, jurisdictional and venue allegations, factual allegations, product-liability wrongful-death count, damages, and prayer for relief. The claims against the City of Orlando, Ford Motor Company, and Federal Signal Corporation, Inc. are substantively unchanged.

8. Counsel for Plaintiff conferred with counsel for all Defendants regarding the relief requested in this motion, and all Defendants have stated that they have no objection to the motion.

## MEMORANDUM OF LAW

### A. Leave to amend should be freely given under Rule 15(a)(2).

After a party has amended once as a matter of course, it "may amend its pleading only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Absent a substantial reason such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility, leave should be granted. Foman v. Davis, 371 U.S. 178, 182 (1962).

Each consideration favors amendment here. This is Plaintiff's first request for leave; the prior amendment was taken as of right before removal. The case is at the pleading stage: no responsive pleading has been served, discovery is in its earliest phase, and no trial date has been set. The amendment is prompted by

newly learned facts about the corporate actors responsible for the upfit and maintenance of the patrol vehicle, not by delay or dilatory motive. Nor is the amendment futile: the Second Amended Complaint pleads specific facts tying PSS to the upfit and pre-March 2025 maintenance and tying Dana to post-acquisition maintenance during which the September 2025 and November 2025 siren failures were reported. Moreover, all Defendants have stated that they have no objection to the amendment.

**B. Joinder of PSS is proper under Rules 20 and 21.**

Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Defendants may be joined in one action if any right to relief is asserted against them jointly, severally, or in the alternative arising out of the same transaction, occurrence, or series of transactions or occurrences, and any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2). Joinder of PSS is appropriate because the claims against it arise out of the same occurrence, the January 18, 2026 collision and the failure of the patrol vehicle's emergency warning system, and present common questions of law and fact concerning the vehicle, its warning equipment, causation, and damages. The Court has supplemental jurisdiction over the state-law claims against PSS under 28 U.S.C. § 1367(a) because they form part of the same case or controversy as Plaintiff's claims under 42 U.S.C.

§ 1983. Adding PSS now, before any responsive pleading, permits all parties potentially responsible for the upfit and maintenance of the warning system to be adjudicated in a single action and avoids piecemeal litigation.

**C. No party will be prejudiced.**

The existing Defendants have not yet answered, the amendment narrows rather than expands the claims against Dana, and the claims against the remaining Defendants are substantively unchanged. All Defendants have stated that they have no objection to the motion. PSS will be served with process and will have the full time permitted by the Federal Rules of Civil Procedure to respond. Granting leave at this early stage will promote the efficient resolution of all claims arising from Ms. Ortiz's death.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court enter an order (1) granting Plaintiff leave to file the Second Amended Complaint attached as Exhibit A; (2) adding Public Safety Supply, LLC as a party Defendant; (3) directing Plaintiff to file the Second Amended Complaint as a separate docket entry within seven (7) days of the Court's order; (4) directing the Clerk to issue summons for Public Safety Supply, LLC; and (5) granting such further relief as the Court deems just and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that counsel for Plaintiff conferred with counsel for Defendants City of Orlando, Florida; Ford Motor Company; Dana Safety Supply, Inc.; and Federal Signal Corporation, Inc. regarding the relief requested in this motion via email on November 13, 2026, and all Defendants have stated that they have no objection to the motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 16, 2026, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

Respectfully submitted,

*/s/ Michael D. Cerasa*

Michael D. Cerasa, Esq. (Lead Counsel)
Florida Bar No. 0015085
ROMANUCCI & BLANDIN, LLC
321 N. Clark St., Suite 900
Chicago, IL 60654
Tel: 312.253.8618
mcerasa@rblaw.net

Sue-Ann Robinson, Esq.
Florida Bar No. 29463
sueann@bencrump.com
Gabrielle Higgins, Esq.
Florida Bar No. 1025840
gabrielle@bencrump.com
BEN CRUMP LAW
614 S. Federal Highway

Fort Lauderdale, FL 33301

*Counsel for Plaintiff*

**EXHIBIT A**
**Proposed Second Amended Complaint**